**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MOBILE LOGISTICS, LLC, | § § | **Civil Action No. _____** |
| Plaintiff, | § § | |
| v. | § § | |
| TRANSFREIGHT LLC, | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Mobile Logistics, LLC ("Mobile Logistics" or "Plaintiff"), by way of its Complaint against Defendant Transfreight LLC ("Defendant"), hereby alleges as follows:

**THE PARTIES**

1. Plaintiff Mobile Logistics is a limited liability company organized under the laws of Delaware with a place of business at 1209 Orange Street, Wilmington, Delaware 19801.

2. Defendant is a corporation organized under the laws of Delaware with its principal place of business at 4123 Olympic Blvd., Erlanger, Kentucky 41018.

**JURISDICTION AND VENUE**

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

5. Upon information and belief, Defendant regularly conducts business in this judicial district and committed acts of patent infringement in this judicial district including, *inter alia*, using products and services and using infringing methods and instrumentalities in this judicial district.

6. Upon information and belief, Defendant has ongoing and systematic contacts with this judicial district and the United States.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,999,091

8. Mobile Logistics repeats and realleges the allegations of paragraphs 1 through 7 as though fully set forth herein.

9. On December 7, 1999, United States Patent No. 5,999,091 ("the '091 Patent"), entitled "TRAILER COMMUNICATION SYSTEM," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '091 Patent is attached as Exhibit A to this Complaint.

10. Mobile Logistics is the assignee and owner of the right, title, and interest in and to the '091 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

11. Upon information and belief, Defendant is and has been directly infringing the '091 Patent in the United States at least by using infringing Radio Frequency Identification ("RFID") tag units for location on a trailer. Defendant has infringed and continues to infringe one or more claims of the '091 Patent in this judicial district and elsewhere by using products that infringe and/or perform methods that infringe one or more claims of the '091 Patent ("Defendant's Accused Products"). In particular, upon information and belief, Defendant uses at least one infringing system, including, but not limited to, the PINC Yard Hound system, which includes tags for location on a trailer. The use of such systems constitutes direct infringement under at least 35 U.S.C. § 271(a) of one or more claims of the '091 Patent.

12.     Because of Defendant's infringement of the '091 Patent, Mobile Logistics has suffered damages and will continue to suffer damages in the future.

13.     Defendants will be deemed to have knowledge of the '091 patent and their infringement of the '091 patent at least as of the filing date of this Complaint.

14.     Upon information and belief, Defendants have not altered their infringing conduct after receiving this Complaint.

15.     Upon information and belief, Defendant's continued infringement despite its knowledge of the '091 patent and Mobile Logistics' accusations of infringement has been objectively reckless and willful.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Mobile Logistics demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Mobile Logistics respectfully demands judgment for itself and against Defendant as follows:

A.     An adjudication that Defendant has infringed the '091 Patent;

B.     An award of damages to be paid by Defendant adequate to compensate Mobile Logistics for its past infringement of the '091 Patent and any continuing or future infringement of the '091 Patent through the date such judgment is entered, including pre-judgment and post-judgment interest, costs and expenses as justified under 35 U.S.C. § 284;

C.     To the extent the Defendant's conduct subsequent to the date of their notice of the '091 patent is found to be objectively reckless, enhanced damages pursuant to 35 U.S.C. § 284 for Defendant's willful infringement of the '091 Patent;

D. An accounting of all infringing acts including, but not limited to, those acts not presented at trial and an award of Mobile Logistics' damages for any such acts;

E. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

F. Such other and further relief at law or in equity as the Court deems just and proper.

Dated: July 12, 2012

STAMOULIS & WEINBLATT LLC

*/s/ Richard C. Weinblatt*
Stamatios Stamoulis #4606
    stamoulis@swdelaw.com
Richard C. Weinblatt #5080
    weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

*Attorneys for Plaintiff*
*Mobile Logistics, LLC*